UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
M.B. on behalf of her minor son, L.C.,
and on her own behalf,

        Plaintiff,

  -against-                        **COMPLAINT**

MINISINK VALLEY CENTRAL SCHOOL      **JUDGE SEIBEL**
DISTRICT,

        Defendant.               **08 CIV. 7668**
-----------------------------------------------------------x

By and through her counsel, Michael H. Sussman, M.B., the natural mother and legal guardian of L.C., hereby states as and for her Complaint:

I. **PARTIES**

1. Plaintiff. M.B., is the natural mother and legal guardian of L.C. and resides in this judicial district. L.C. is a minor who resides with his mother in the County of Orange and currently attends school year-round at the Family Foundation School [FFS] in Delaware County, New York.

2. Defendant, Minisink Valley Central School District [hereinafter "the district"], is a municipal body created by and pursuant to the laws of the State of New York. It may sue and be sued.

II. **JURISDICTION**

3. As plaintiff raises claims governed by federal law, this Honorable Court has jurisdiction pursuant to 28 U.S.C. secs. 1331, 1343(3) & (4) and 20 U.S.C. sec. 1400, *et seq.* & 42 U.S.C. Sec. 1988.

-1-

III. **FACTUAL ALLEGATIONS**

4. L.C. is a classified student ["other health impaired"] who suffers from diagnosed bi-polar disorder, Attention Deficit Disorder – inattentive type, social phobia, and anxiety disorder NOS.

5. During the second semester of the 2007-08 school year, L.C., then 14 years of age, did not attend public school.

6. The district failed to offer him a free, appropriate public education as required by law.

7. Instead, L.C. remained at home with occasional tutoring and failed to progress in his academic courses.

8. In addition, the district failed to provide any related services or counseling to deal with L.C.'s considerable emotional disabilities and acting out behavior.

9. After providing due notice, in late July 2007, M.B. placed L.C. at the Family Foundation School, FFS], a private residential school for children like L.C. in Hancock, New York about 90 minutes from plaintiff's residence.

10. By the time she made this placement, the district's Committee on Special Education [CSE] had failed to approve an Individual Educational Plan for L.C.

11. In mid-August 2007, after M.B. placed her son at FFS , the CSE approved placement of L.C. at the Randolph Academy, a state-approved placement in Western New York, about six hours from L.C.'s home.

12. At the time defendant's CSE approved this placement, Randolph Academy had not accepted L.C. as a student and neither L.C. nor M.B. had visited the school.

13. After learning of, and rejecting, this placement, plaintiff sought tuition

-2-

reimbursement for FFS from defendant.

14. Defendant refused to provide said reimbursement voluntarily.

15. Plaintiff requested a due process hearing.

16. Defendant appointed an impartial hearing officer to adjudicate plaintiff's claim for tuition reimbursement.

17. After extensive hearings which accorded each party the opportunity to present and cross-examine witnesses and introduce testimony, the IHO ruled that [a] the school district's proposed placement was patently inappropriate for L.C.; [b] FFS was an appropriate placement for L.C. and [3] the district should fully reimburse M.B. for the tuition and related expenses incurred by and through L.C.'s placement at that school.

18. Defendant appealed to the State Review Officer [SRO].

19. The SRO affirmed the inappropriateness of the district's proposed placement, Randolph Academy.

20. However, the SRO ruled that the parent had not carried her burden of proof with respect to the appropriateness of FFS for L.C. and reversed the award of tuition reimbursement for L.C.

21. The SRO's decision is erroneous as a matter of law and fact.

22. FFS is a wholly appropriate placement for L.C. as it provides a highly therapeutic environment for L.C. and as he substantially progressed in this environment during the 2007-08 school year.

23. Said progress was measured both academically and socially/emotionally and the record is replete with evidence [which the SRO ignored] of said progress.

24. Each of the grounds adduced by the SRO for rejecting the appropriateness of FFS is faulty and reflects either an erroneous understanding of the governing law, a misstatement of the substantial preponderance of the evidence of a misconstruction of the burden parents are required to meet in establishing entitlement to tuition reimbursement.

25. Plaintiff intends to present additional evidence in support of the appropriateness of FFS to this Honorable Court and respectfully reserves the right to do so.

26. By dint of the SRO decision, plaintiff has been caused to incur substantial pecuniary loss and she cannot be made whole absent intervention of this Court.

## IV. **CAUSE OF ACTION**

27. Plaintiff incorporates paras. 1-26 as if fully incorporated herein.

28. As plaintiff have established their legal entitlement to tuition reimbursement for the 2007-08 school year from defendant and as defendant failed to provide a FAPE for L.C. for that year, defendant has violated the IDEA and should be ordered and directed to provide reimbursement to plaintiff for period July 2007 through and including August 31, 2008.

## V. **PRAYER FOR RELIEF**

WHEREFORE, this Honorable Court should accept jurisdiction of this cause, schedule an evidentiary hearing on the matter, thereafter vacate the SRO decision and order the defendant to reimburse plaintiff for all expenses incurred in the relevant time period, declare FFS L.C.'s pendent placement, award plaintiff the fees and costs arising from this matter, including the reasonable attorneys fees for her counsel's services during the impartial hearing, the appeal thereof and in this matter, and enter other order the interests of justice require.

Respectfully submitted,

MICHAEL N. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

DATED: 9/2/08